United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JALEEL ABDULLAH a.k.a.<br>JALEEL H. ABDULLAH,<br><br>　　　　Defendant.<br>_____/ | No. CV 11-0784 NJV<br><br>**ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE WITH THE RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br><br>(Docket No. 15) |

This is an action to collect amounts due on student loans obtained by defendant Jaleel Abdullah. Doc. No. 1. Plaintiff United States of America moved for summary judgment under Federal Rule of Civil Procedure 56. Although Defendant filed an answer to the complaint, he did not oppose the motion for summary judgment. Doc. Nos. 3 & 21. After issuing an order to show cause why Plaintiff's unopposed motion should not be granted and continuing the hearing date on the motion (Doc. Nos. 20 & 21), the Court took this matter under submission without a hearing pursuant to Civil Local Rule 7-1(b) (Doc. No. 23). The district court has jurisdiction over the action pursuant to 28 U.S.C. § 1345. However, since Defendant has not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c)[1], the Court orders that this case be reassigned to a district court judge, with the recommendation that the district court grant Plaintiff's motion for summary judgment.

**BACKGROUND**

Plaintiff has submitted evidence establishing that:

---

[1] Plaintiff consented to the matter being heard by a magistrate judge. Doc. No. 11 at 2.

(1) On August 29, 1994, Defendant obtained a loan in the amount of $5,500 at a variable annual rate of interest. *See* Doc. No. 16 (Declaration of Rubio Canlas ("Canlas Decl.")), ¶ 3 & Ex. 1 (promissory note). The loan was disbursed in two installments on October 13, 1994 and January 3, 1995. *Id*. Plaintiff defaulted on the loan on August 28, 1997. *Id*., ¶ 4. The guaranty agency capitalized the interest due on the loan and paid the holder of the loan $6,201.28; pursuant to a reinsurance agreement, the United States Department of Education ("ED") purchased the loan. *Id*., Ex. 2 (Statement of Purchased Account). As of the date of this order, taking into account the $6,201.28 in principal plus interest in the amount of $5,314.56, Defendant owes $11,515.84 on this loan. *See id*., ¶ 5.

(2) On September 29, 1994, Defendant obtained a second loan in the amount of $750 at an annual rate of interest of 5%. *Id*., ¶ 6 & Ex. 3. Plaintiff made some payments, but defaulted on the loan on November 1, 1999; after crediting all cancellations due and all amounts paid, Defendant owed a loan principal of $750.00 and interest of $468.78. *Id*., ¶ 7 & Ex. 4. The loan was assigned to the ED in 2008. *Id*. As of the date of this order, taking into account the $750 in principal plus interest in the amount of $604.92, Defendant owes $1,354.92 on this loan. *See id*., ¶ 8.

(3) Defendant obtained a third loan directly from the ED to consolidate three student loans. *Id*., ¶¶ 9-11 & Exs. 5-6.[2] The loans Defendant consolidated were not the same loans as those described above. *Id*., Ex. 6 (listing first disbursement dates of 1996 and 1997 and interest rates of 9% and 4.86% on the three loans that were consolidated). The total of the amounts disbursed on December 16, 2002, pursuant to the consolidation loan was $22,421.71; the applicable annual interest rate was 6.13%. *Id*., ¶ 17. No payments have been credited to the consolidation loan. *Id*., ¶ 18 & Exs. 7-8. As of the date of this order, taking into account the $22,421.71, in principal plus interest in the amount of $12,178.85, Defendant owes $34,600.56 on this loan. *See id*., ¶ 18.

The United States Department of Education now seeks to collect $29,372, plus interest and attorneys' fees. Doc. No. 1. In his answer to the Complaint, Defendant generally denies the

---

[2] Rubio Canlas declares the loan was obtained on November 8, 1992, but the underlying documents establish that the loan was obtained on November 8, 2002. This appears to have been a typographical error, as Plaintiff has calculated the interest owed from 2002, not 1992. *Compare* Canlas Decl. ¶ 9, *with id*., ¶¶ 12-17.

allegations, specifically answers that he lacks information or belief sufficient to admit or deny any of Plaintiff's claims, and he also asserts affirmative defenses of estoppel/waiver and unclean hands. Doc. No. 3. Defendant did not oppose the motion for summary judgment and did not submit any evidence to contradict the promissory notes, loan documents, and account records that Plaintiff submitted in support of its motion.

## DISCUSSION

### A. Legal Standard

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The non-moving party must go beyond the allegations or denials in his pleading and present admissible evidence showing a fact "is genuinely disputed." Fed. R. Civ. P. 56(c), (f). A court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). A court may, however, grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *see also* Fed. R. Civ. P. 56(f)(2) (the court may consider a fact undisputed for

purposes of motion for summary judgment if a party fails to properly address another party's assertion of fact).

**B.     Analysis**

As described above, Plaintiff has established the existence of three promissory notes; of the purchase, assignment or original loan documents that entitle Plaintiff to repayment on the notes; of Defendant's default on the notes; and of the amounts due under the notes. Plaintiff thus met its initial burden of showing the absence of a genuine issue of material fact. *See United States of America v. Freeman*, 2002 U.S. Dist. LEXIS 5094, **3-4 (N.D. Cal. Mar. 26, 2002) (SI) ("In a suit to enforce a set of promissory notes, the plaintiff is entitled to judgment if it presents evidence of the existence of the note, the defendant's default, and the amount due"); *United States of America v. Potts*, 2006 U.S. Dist. LEXIS 34216, *6 (N.D. Cal. Apr. 18, 2006) (JSW) ("In a suit on a promissory note, the initial burden is on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due"); *United States of America v. Chu*, 2001 U.S. Dist. LEXIS 18086, *1 (N.D. Cal. Nov. 2, 2001) (BZ) (same). Plaintiff submitted a declaration stating that it did not waive any of its claims under the notes. Canlas Decl., ¶ 19. Plaintiff also argues there are no facts supporting a defense of unclean hands and that estoppel does not apply to the United States.

The burden therefore shifted to Defendant to establish that a genuine issue of material fact existed, but Defendant failed to do so. Defendant did not oppose the motion, appear at the hearing, or respond to the Court's Order to Show Cause. Defendant also did not deny the specific allegations of the Complaint in his answer, stating instead that he lacked information or belief sufficient to affirm or deny Plaintiff's allegations based on the three promissory notes. Doc. No. 3. Defendant has not provided any evidence that waiver, estoppel, or unclean hands might apply here, nor does it appear from the evidence in the record that such defenses apply. In short, Defendant has not submitted any evidence nor made any argument suggesting a triable issue exists as to any of Plaintiff's claims or the affirmative defenses.

Because the documents Plaintiff has submitted provide clear evidence of Defendant's indebtedness and do not reveal a genuine issue of material fact, the papers are sufficient to support the motion. Accordingly, the Court recommends granting Plaintiff's motion for summary judgment.

**RECOMMENDATION**

The Court orders that this case be reassigned to a district court judge, and recommends that Plaintiff's motion for summary judgment be granted and that judgment be entered against Defendant Jaleel Abdullah, a.k.a. Jaleel H. Abdullah, in the amount of $47,471.32, plus interest in the amount of $4.40 per day from the date of this Order until entry of judgment.

Any party may file objections to this report and recommendation with the district judge within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: November 8, 2011

NANDOR J. VADAS
United States Magistrate Judge